## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

**BILLY WAYNE MORSEMAN**                                                                   **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 4:22-CV-P172-JHM**

**BRITTNY HELTON** *et al.*                                                                **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss one claim and allow Plaintiff the opportunity to amend his complaint.

**I.**

Plaintiff Billy Wayne Morseman is incarcerated as a pretrial detainee at the Hopkins County Detention Center (HCDC). Plaintiff sues five HCDC Correctional Officers in their individual capacities – Brittny Helton, Brandon Lampton, Kimberly Holt, Caleb Newton, and Morris Cunningham.

Plaintiff makes the following allegations in the complaint:

1. I was housed w segregation due to being on suicide watch & I began to inflict harm on myself. I was placed in mechanical restraints w/out incident or any issues. However, with the attached incident report I have mentioned in this complaint what I feel to believe has violated my rights of some sort. With that being said, while in mechanical restraints, I advised [Defendant] Newton that I needed to relieve my bladder and to pass a bowel movement to which he told me to just "piss & shit on yourself." I held it for as long as possible until I couldn't anymore & relieved all over myself & had to be mechanically restrained with urine and feces for several more hours . . . .

2. I was housed in segregation due to being on suicide watch & started inflicting serious pain on myself to which I had to be removed from my cell & placed on observation & mechanical restraints. As mentioned in the attached incident report . . . I inflicted a great deal of physical injury & pain to myself and never received treatment regarding the above-mentioned head injury. Since this occurring date, I have experienced a lot of pain and suffering from the trauma

> on my head.  I have since constantly had issues revolving around this incident (ex: vision problems, severe migraines/headaches, aching and soreness on my face & dizziness).  I have verbally stated on multiple occasions that there is something wrong but to know avail.
>
> 3. Another incident pertaining to an officer employed by [HCDC] named [Defendant] Cunningham took place when I was assigned to re-location of housing to cell #230.  When I first got into the cell, there was fecal matter from a previous inmate smeared all over the walls. . . .  I asked [Defendant Cunningham] to either move me or have the puke/feces cleaned and he refused me of both remedies/options.
>
> 4. Throughout my incarceration as pretrial detainee I have suffered from mental health problems that ultimately required me to be housed on suicide watch for total 6-8 months.  And during these times, I attempted to file a 1983 and my mail was kept from me on multiple difference occasions; one time I personally documented and that the dates were as followed: 1-27-2022 until 3-4-2022.  Additionally, please be advised I was unable to respond back in a timely manner due to the fact my mail was intercepted, hindered, and kept from me on multiple occasions. . . .

As relief, Plaintiff seeks damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 544 U.S. 199 (2007).  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Conditions-of-Confinement Claims

The Fourteenth Amendment applies to conditions-of-confinement claims brought by pretrial detainees. *Brawner v. Scott Cnty.*, 14 F.4th 585, 591 (6th Cir. 2021). This standard has two prongs. To satisfy the first prong, a plaintiff must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the second prong, a plaintiff must show that Defendants acted "deliberately" and "recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Brawner*, 14 F.4th at 596 (quoting *Farmer*, 511 U.S. at 836).[1]

Here, Plaintiff alleges that he told Defendant Newton that he needed to use the bathroom while he was mechanically restrained. Plaintiff states that Defendant Newton refused and that, as a result, he "relieved all over himself & had to be . . . restrained with urine and feces for several more hours . . . ." Plaintiff also alleges that Defendant Cunningham placed him in a cell with fecal matter smeared on the walls and that he asked Defendant Cunningham "to either move him or have the puke/feces cleaned and he refused me of both remedies/options."

Based upon these allegations, the Court concludes that it need only consider the first prong of the standard above at this time. "Extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9, (1992). Courts have held that "temporary exposure to unsanitary conditions does not [meet this standard]." *Dykes v. Benson*, No. 22-1184, 2022 U.S. App. LEXIS 32288, at *16-17 (6th Cir. Nov. 22, 2022); *see also Hartsfield v. Vidor*, 199 F. 3d 305, 310 (6th Cir. 1999) (observing that deprivations of fresh water and access

---

[1] Until recently, the Sixth Circuit analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims "under the same rubric." *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citation omitted). While the first ("objective") prong of the Eighth Amendment analysis still applies to Fourteenth Amendment pretrial detainee claims, the Sixth Circuit has modified the second ("subjective") prong for Fourteenth Amendment claims in light of the Supreme Court's decision in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015). *Brawner*, 14 F.4th at 594-97.

to a toilet for a 20-hour period do not meet this standard); *Pena v. Brown*, No. 2:20-cv-250, 2021 U.S. Dist. LEXIS 181815, at *10 (W.D. Mich. Sept. 23, 2021) (finding no claim where the prisoner-plaintiff was not allowed to use the restroom for a total of 11 ½ hours by which time he had urinated and defecated on himself); *but see Taylor v. Larson*, 505 F. App'x 475, 477 (6th Cir. 2012) (holding that allegation of three-day stay in cell covered with fecal matter was sufficient to state a constitutional claim).

Based upon this jurisprudence, the Court will dismiss Plaintiff's claims against Defendant Newton. The Court also finds that Plaintiff's claim against Defendant Cunningham is subject to dismissal because it does not contain factual information from which the Court can determine whether Plaintiff has stated a claim. However, before dismissing Plaintiff's claim against Defendant Cunningham, the Court will allow Plaintiff to file an amended complaint in which he states how long he was incarcerated in a cell with feces on the wall. *See, e.g.*, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) of the Federal Rules of Civil Procedure, a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

### B. Other Claims/Defendants

The Court construes the complaint as also asserting First Amendment legal mail claims as well as Fourteenth Amendment denial-of-medical-care claims. Plaintiff, however, has failed to allege how any named Defendant was involved in the alleged violation of these rights. Plaintiff also failed to make any other allegations against Defendants Helton, Lampton, or Holt. To state a claim, Plaintiff must allege which Defendant, if any, was personally involved in the alleged constitutional violations. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of § 1983 claim for failure to state a claim against defendants in their individual capacity

5

where plaintiff did not allege which of the named defendants were personally responsible for each claimed violation of the plaintiff's federal rights); *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983) (holding that a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights).

Nonetheless, before dismissing these claims and these Defendants for failure to state a claim upon relief may be granted an, the Court will provide Plaintiff the opportunity to describe how any of the named Defendants were personally involved in the denial of his constitutional rights under either the First Amendment, for interference with legal mail, or the Fourteenth Amendment, for the denial of access to medical care. *See, e.g.*, *LaFountain*, 716 F. 3d at 951.

## IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Fourteenth Amendment conditions-of-confinement claim against Defendant Newton is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Order, Plaintiff may file an amended complaint in which he **1) alleges how long Defendant Cunningham forced him to stay in a cell with feces on the wall; 2) alleges which Defendant(s) were involved in interference with his legal mail and the denial of access to medical care; and 3) describes the actions taken or not taken by each Defendant in regard to each claim.**

The **Clerk of Court** is **DIRECTED** to place the instant case number and the word "Amended" on a § 1983 complaint form and send it to Plaintiff for his use should he decide to file an amended complaint.

If Plaintiff files an amended complaint within 30 days, the Court will review it under § 1915A.  If Plaintiff fails to timely file an amended complaint, the Court will dismiss this action for the reasons stated herein.

Date: May 22, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Hopkins County Attorney
4414.011

7